Brainard *v.* Hudson.

No appeal was taken.

---

# New York Marine Court.

*Trial Term—March,* 1882.

## MARY L. BRAINARD *against* ELLA J. HUDSON ET AL.

**Summary proceedings.—Last month's rent deposited as security.— Effect of same on right to dispossess for prior default.—When so deposited, the money must remain until that particular month**

Brainard *v.* Hudson.

arrives, and the deposit does not impair the legal remedies of the landlord for any default which may be made before that month arrives.

Trial by the court without a jury.

*Jas. C. Quinn*, for landlord.

*H. E. Farnsworth*, for tenant.

McAdam, J.—The statute, in regard to summary proceedings, is a remedial act, designed to compel a tenant to pay rent according to his lease, or in default thereof, to remove from the premises (*Code of Civ. Pro.* § 2231, subd. 2). The proceedings may be founded upon any "default" in the payment of rent, pursuant to the agreement under which the premises are held (*Id. ;* People *v.* Paulding, 22 *Hun*, 91).

The rent herein commenced April 15, 1881, and was payable in advance on the first of each month. It has been paid up till March 1, 1882. The lease recites, that the tenant paid, on signing that document, $300, which is to " remain for the term of the lease, as security for the payment of rent of said house, *and to be applied to the last month's rent,*" that is to say, to the rent from March 15, 1882, to April 15, 1882. The parties have agreed upon a specific application of this money ; it cannot be otherwise applied without their *mutual* consent.

It is to remain, the lease says, as *security* for the last month's rent. It must so remain, until that month arrives, and be applied to the purpose for which it was designed.

So that the rent from March 1, to March 15, 1882, is both unpaid and unsecured. The proceedings to enforce its payment were commenced March 11, 1882. The landlord has done nothing since, which operates as

a waiver of his right to pursue the statutory remedy stated. The landlord could certainly have maintained an ordinary civil action to recover the rent in default. If such an action had been commenced on the day this proceeding was instituted, the tenant would have had no defense to it. Why, then, should the landlord be deprived of this auxiliary or concurrent remedy? Can it be possible that to compel the tenant to pay by the one form of remedy is legal, and by the other illegal—that the one is right, and the other unjust?

The result in either case is the same, with this exception, that the action is dilatory, and the proceeding "summary." But the legislature intended to make it summary.

If the tenant owes $150 for the half month, from March 1, 1882, to March 15, 1882, it is impossible for a court of justice to deny to a suitor his statutory right to enforce its payment.

I have failed to discover any legal or equitable defense to this proceeding, and must therefore find for the landlord.

No appeal was taken.